IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS, <br><br> Plaintiff, <br><br> v. <br><br> WOODFORD, et al., <br><br> Defendants. | No. C 07-4198 MJJ (PR) <br><br> **ORDER TO SHOW CAUSE RE. DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)** <br><br> (Docket No. 2) |

    Plaintiff, a California inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 regarding the conditions of his incarceration.  He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915, which he is granted in a separate order..

    The Prison Litigation Reform Act of 1995 ("PLRA"), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases which were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying

G:\PRO-SE\MJJ\CR.07\morris.3stosc.wpd

dismissals or "strikes." See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" Id. (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" Id. (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id. The prisoner must be given notice of the potential disqualification under § 1915(g) -- by either the district court or the defendants – but the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews thus implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. See id. at 1120.

A review of the dismissal orders in plaintiff's prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See Morris v. Duncan, No. C 02-0928 MJJ (PR) (N.D.Cal. May 3, 2002) (dismissal for failure to state a cognizable claim for relief); Morris v. Silvers, No. C 98-1381 BTM (LAB) (S.D.Cal. Sep. 15, 1998) (dismissed for lack of jurisdiction); Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000) (dismissed for lack of jurisdiction). In light of these dismissals, and because plaintiff is not under imminent danger of serious physical injury, he is ordered TO SHOW CAUSE within **thirty days** of the date this order is filed,

G:\PRO-SE\MJJ\CR.07\morris.3stosc.wpd        2

why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).[1]

This order terminates docket number 2.

IT IS SO ORDERED.

DATED: 09/26/07

_____
MARTIN J. JENKINS
United States District Judge

---

[1] The Court notes that such a dismissal would be without prejudice to bringing it in a paid complaint. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

G:\PRO-SE\MJJ\CR.07\morris.3stosc.wpd          3