FILED
APR 0 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEON EUGENE MORRIS, | ) | No. C 07-4198 MJJ (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| WOODFORD, et al., | ) ) | (Docket Nos 4 & 6) |
| Defendants. | ) ) | |

Plaintiff, a California prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 regarding the conditions of his incarceration. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

On September 27, 2007, in its Order to Show Cause, the Court found that plaintiff had on three "prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found plaintiff was not "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Consequently, the Court ordered plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g). See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). On October 17, 2007, plaintiff responded to such order with a "Motion: To Show Cause R. Dismissal Pursuant to 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under

G:\PRO-SE\MJJ\CR.07\morris.3stdsm.wpd

28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." Id. (internal quotation and citation omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Plaintiff's motion focuses on the definition of a "strike" under § 1915(g). Plaintiff argues that two of the three dismissals that the Court counted as "strikes" under § 1915(g) in the order to show cause, Morris v. Silvers, No. C 98-1381 BTM (LAB) (S.D.Cal. Sep. 15, 1998) (dismissed for lack of jurisdiction), and Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000) (dismissed for lack of jurisdiction), do not qualify as strikes under § 1915(g).[1] Plaintiff contends that under Andrews, a dismissal for "lack of jurisdiction" does not qualify as a strike. There is no such holding in Andrews, however. Rather, in Andrews, the court "disagree[d]" with the district court's "approach" of counting as a strike a dismissal "for lack of jurisdiction" without first independently determining whether the dismissed case or appeal "was frivolous, malicious or failed to state a claim." 398 F.3d at 1120-21. Indeed, the court held that such dismissals "would qualify as strikes [] if, "after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous,

---

[1] Plaintiff does not dispute that the third dismissal, Morris v. Duncan, No. C 02-0928 MJJ (PR) (N.D.Cal. May 3, 2002), which was dismissed for failure to state a cognizable claim for relief, qualifies as a "strike" under § 1915(g). See Andrews, 398 F.3d at 1117 n.3, 1121 (finding dismissal "for failure to state a claim" qualifies as § 1915(g) "strike").

G:\PRO-SE\MJJ\CR.07\morris.3stdsm.wpd         2

malicious or failed to state a claim." Id. at 1122. The court then remanded the case to the district court to make this determination. Id. Accordingly, pursuant to the direction in Andrews, this Court now reviews the dismissal orders and other relevant information with respect to plaintiff's prior dismissals to determine whether they were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.

The docket sheet in Morris v. Silvers, No. C 98-1381 BTM (LAB) (S.D. Cal.), states that the dismissal was based on the district court's finding "that exercise of jurisdiction over this matter would be improper." The September 15, 1998 Order dismissing that case sets forth two grounds for dismissal: (1) abstention under Younger v. Harris, 401 U.S. 37 (1971), because "this federal action would disrupt an ongoing state [criminal] prosecution;" and (2) the unripeness of plaintiff's claims because he had "not yet sustained damages." It is well settled that "relief" cannot be "granted" on federal claims that would disrupt an ongoing state criminal prosecution, see id at 43-54, or that are unripe, see Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Consequently, the Court finds that case No. C-98-1831 BTM (LAB) was dismissed for "failure to state a claim upon which relief may be granted" and as such it qualifies as a "strike" under § 1915(g).

The appeal in Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000), was premature, and was dismissed because the order challenged was not final or appealable. In particular, the docket sheet states the Court of Appeals "lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable." Consistent therewith, the district court's docket sheet for that case, Morris v. Lushia, et al., No. 99-00068-W-LAB (S.D. Cal.), indicates that the order from which plaintiff appealed was in appeal No. 00-55330 was a January 24, 2000 order denying a motion to strike paragraphs from the amended complaint and granting a motion to dismiss the claims against 9 out of the 24 defendants in the case; such an order is not final or appealable. The Court finds that this appeal was frivolous within the meaning of § 1915(g). Indeed, such "premature appeals by prisoners who refuse to accept the district court's interim rulings" have been


described as "close to the apogee" of frivolous filings under § 1915(g). See id. at 1125 (Fernandez, J. dissenting).[2] Consequently, the dismissals of this appeal also qualifies as strikes under § 1915(g).

Lastly, plaintiff makes no assertion, and the allegations in the complaint do not demonstrate, that he is not under "imminent danger of serious physical injury" within the meaning of § 1915(g).

In sum, plaintiff was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under § 1915(g), see Andrews, 398 F.3d at 1120-21, and his responses to the Court's order to show cause fail to establish that § 1915(g) does not apply. Accordingly, the application to proceed in forma pauperis is DENIED, and the above-titled action is hereby DISMISSED without prejudice to plaintiff's refiling his claims in a new case in which plaintiff pays the filing fee. The motion for appointment of counsel is DENIED for want of exceptional circumstances.

This order terminates docket numbers 4 and 6, and all other pending motions.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 4/2/2008

MARTIN J. JENKINS
United States District Judge

---

[2]The court does not understand the dissent's observation in this regard to conflict with the reasoning of the majority, which found the record deficient by reason of a failure on the part of the magistrate judge to "consider[ ] the underlying court orders or mak[e] an independent assessment" of the prior cases, see id. at 1121, one of which was dismissed "for lack of jurisdiction," see id. at 1117 n.3.

G:\PRO-SE\MJJ\CR.07\morris.3stdsm.wpd          4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LEON EUGENE MORRIS,

        Plaintiff,

v.

J WOODFORD et al,

        Defendant.

                               /

Case Number: CV07-04198 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leon Eugene Morris
Prisoner No. P54809
P.O. Box 290066
Represa, CA 95671-0066

Dated: April 3, 2008

*MNarcisse*

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk